# RICHARD B. LIND
ATTORNEY AT LAW
880 THIRD AVENUE
13TH FLOOR
NEW YORK, N.Y. 10022

TELEPHONE (212) 888-7725
FACSIMILE (212) 371-2961
E-MAIL: rlindesq@aol.com
WEBSITE: www.richardlindlawyer.com

August 27, 2014

### SENTENCING MEMORANDUM

*Via ECF*

Hon. Cathy Seibel
United States District Judge
U.S. Courthouse
300 Quarropas Street
White Plains, NY 10601

        Re: United States v. Dromyneak Montgomery
            11 Cr. 16 (CS)

Dear Judge Seibel:

      This Sentencing Memorandum is submitted on behalf of defendant Dromyneak Montgomery, who is scheduled to be sentenced on September 3, 2014 as result of his third successive violation of the conditions of supervised release. For the reasons set forth below, it is respectfully requested that defendant Montgomery be given a term of imprisonment with no supervision to follow.

### Background

      On February 10, 2012, this Court sentenced Montgomery to a term of 24 months' imprisonment to be followed by a term of five years' supervised release, based on his earlier guilty plea to Count One of the Indictment in this case. On Feb. 28, 2013, based on Montgomery's admission of one specification (the other charge was dismissed at sentencing), this Court continued him on supervised release, but added two conditions, namely, location monitoring by the Probation Office for four months, and attendance at anger management counseling sessions as directed by the Probation Office.

RICHARD B. LIND

In June 2013, based on Montgomery's admission to a second violation of supervised release, he was sentenced by this Court to a term of imprisonment of six months, to be followed by four years' supervised release. He commenced his third term of supervised release on December 11, 2013. In July 2014, Montgomery was arraigned on four new specifications alleging his violation of supervised release. On July 24, 2014, Montgomery admitted to specification number no. 3, which charged him with failing to participate in anger management counseling sessions; the other three specifications were dismissed.

### Discussion

It is respectfully submitted that Montgomery's failure to abide by conditions of supervised release presents a contradictory portrait. While we do not dispute with the Probation Office's assessment in its July 14, 2014 Report to this Court that Montgomery "has made a poor adjustment to supervision," *id.* at 3, nonetheless, on the positive side, as also recognized in the Report, he has maintained stable employment. *Id.* Indeed, my understanding is that he enjoys working hard.

Thus, there can be no question that Montgomery's continuation on supervised release is not warranted. Instead, the only issue is the amount of time he should spend in jail. It is respectfully submitted that six or nine months in prison, instead of the twelve months as requested in the Report, is sufficient. This would allow him to emerge from prison, hopefully for the last time, and fashion a new life for himself.

### Conclusion

In sum, we submit this Court should balance the need for meaningful deterrence with section 3553(a)'s statutory demand to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing, *see* 18 U.S.C. § 3553(a).

Respectfully submitted,

Richard B. Lind

cc: John P. Collins, Esq. (by ECF)